Randolph P. Sinnott (Cal. SBN 107301)
Mary E. Gregory (Cal. SBN 210247)
SINNOTT, PUEBLA, CAMPAGNE & CURET
550 S. Hope Street, Suite 2350
Los Angeles, CA 90071
Telephone: 213-996-4200
Facsimile: 213-892-8322
Email: rsinnott@spcclaw.com
Email: mgregory@spcclaw.com

Attorneys for Defendants Allied World Assurance Company, Ltd, International Insurance Company of Hannover SE, and Liberty Mutual Insurance Europe Ltd

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SFA GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; CERTAIN LONDON MARKET COMPANIES; and DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 2:16-cv-04202<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(a) [ORIGINAL JURISDICTION]** |

Pursuant to 9 U.S.C. §205 and 28 U.S.C. §§1441(a) and 1446, Defendants Allied World Assurance Company, Ltd ("Allied World"), International Insurance Company of Hannover SE ("Inter Hannover"), and Liberty Mutual Insurance Europe Ltd ("Liberty") (collectively, the "Removing Defendants") file this Notice of Removal of this case from the Superior Court of Los Angeles County, California to this Court.  In support of this Notice of Removal, the Removing Defendants state:

## BASIS FOR FEDERAL JURISDICTION AND REMOVAL

1. This court has original jurisdiction over the claims against the Removing Defendants because those claims are subject to written international arbitration agreements that fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and, as such, are deemed to arise under the laws and treaties of the United States.  9 U.S.C. §203; 28 U.S.C. §1331.

2. The Removing Defendants are authorized to remove this action because "the subject matter . . . relates to an arbitration agreement or award falling under the Convention."  9 U.S.C. §205.  Removal to the United States District Court for the Central District of California, Western Division, is proper because it is the district and division embracing the place where the removed action is pending.  9 U.S.C. §205; 28 U.S.C. §1441(a).

3. The Court has supplemental jurisdiction over any claims not subject to its original jurisdiction.  28 U.S.C. §1367(a).

## BACKGROUND

4. On May 2, 2016, Plaintiff SFA Group, LLC ("SFA") filed this action in the Superior Court for Los Angeles County, California, docketed as Case No. BC618980, against defendants that issued or otherwise subscribed to insurance policies issued to the law firm Dickstein Shapiro LLP ("Dickstein") that were effective from December 20, 2012 to December 20, 2013.  A copy of SFA's complaint is attached as Exhibit A.

1
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(a) [ORIGINAL JURISDICTION]

5. SFA's complaint alleges that the defendants breached the insurance policies and the implied covenant of good faith and fair dealing by failing to satisfy a legal malpractice judgment against attorney Clyde Hettrick obtained by Manhattan Beachwear, LLC ("MBW") in an action captioned *Manhattan Beachwear, LLC v. Hettrick Law, P.C.*, No. BC49750 (Cal. Super. Ct., L.A. Cty.). SFA alleges that it was assigned all rights, title, and interests in the judgment by MBW, which it alleges had been assigned Hettrick's rights under the Dickstein policies.

6. On or about May 3, 2016, SFA mailed summonses and the complaint to McCullough, Campbell & Lane LLP ("McCullough"), an agent for service of process designated in the insurance policies of certain of the defendants. By letter dated May 27, 2016, McCullough accepted service of process on behalf of Lloyd's Syndicate 2987 ("Brit"), Lloyd's Syndicates 623 and 2623 ("Beazley"), Lloyd's Syndicate 435 ("Faraday"), Lloyd's Syndicate 2001 ("Amlin"), Lloyd's Syndicate 1458 ("RenaissanceRe"), Lexington Insurance Co., Swiss Re International SE ("Swiss Re") (but only with respect to Swiss Re's participation on the policies for the primary and first excess layers of insurance), and Scottsdale Insurance Co. McCullough was never authorized to and did not accept service on behalf of the Removing Defendants.

7. On May 13, 2016, SFA personally served Inter Hannover via its agent for service of process, Alexis Burgess of Drinker Biddle & Reath LLP.

8. On May 13, 2016, SFA personally served Liberty via its agent for service of process, Carey Barney of Locke Lord LLP.

9. By letter dated May 18, 2016, SFA purported to have served Allied World via the California Department of Insurance, pursuant to Cal. Ins. Code §§1610, 1611, and 12931. Allied World denies that it has been properly served with process.

10. Ironshore Specialty Insurance Co. has been served or otherwise accepted service of process.

11. On information and belief, service has been attempted on Argo Re Ltd., but no proof of service has been filed in the state court.

## REMOVAL IS PROPER

**A.    The Insurance Policies Issued or Otherwise Subscribed to by the Removing Defendants Contain Mandatory International Arbitration Agreements That Fall Under the Convention**

12. The Convention is a multilateral treaty adopted at the United Nations Conference on International Commercial Arbitration on June 10, 1958.  21 U.S.T. 2517.  The Convention is enforced in United States courts under Chapter 2 of the Federal Arbitration Act (the "FAA"), which incorporates the provisions of the Convention.  9 U.S.C. §201, et seq.  The FAA "imposes a mandatory duty on the courts . . . to recognize, and enforce an agreement to arbitrate" that falls under the Convention.  *Walker & Zanger (West Coast) Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 936 (C.D. Cal. 1997) (internal quotation marks omitted) (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 959 (10th Cir. 1992)).

13. Written international arbitration agreements arising out of commercial relationships that are not entirely between citizens of the United States fall under the Convention.  9 U.S.C. §202.

14. The relationship between Dickstein and the Removing Defendants is considered "commercial" for purposes of the Convention.  *See, e.g., Safety Nat'l Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 724 n.38 (5th Cir. 2009) (insurance coverage dispute arises out of legal relationships that are commercial).

15. Second Excess Lawyers Professional Liability Insurance Policy No. B0621PDIC01012, issued or otherwise subscribed to by Liberty, Inter Hannover, and Swiss Re, and Second Excess Lawyers Professional Liability Insurance Policy No. B0621PDIC01012001, issued or otherwise subscribed to by Allied World, each contain a written agreement to arbitrate, which states, in pertinent part:

> Any dispute arising out of or relating to this Policy or the breach, cancellation, termination or validity of this Policy shall be finally and fully determined in London, England under the provisions of the Arbitration Act of 1996 and/or any statutory modifications or amendments thereto, for the time being in force, by a Board composed of three arbitrators . . . .

Policy No. B0621PDIC01012 at 4;  Policy No. B0621PDIC01012001 at 3.

16. Neither agreement is entirely between citizens of the United States because Allied World is organized under the laws of and has its principal place of business in Bermuda, Inter Hannover is organized under the laws of and has its principal place of business in Germany, and Liberty is organized under the laws of and has its principal place of business in the United Kingdom. *See* 9 U.S.C. §202.

17. On June 9, 2016, each of the Removing Defendants initiated proceedings to obtain an order from the High Court of Justice of England, Queen's Bench Division, Commercial Court, that enjoins SFA from proceeding with this action as to the Removing Defendants and requires SFA to dismiss this action as to the Removing Defendants.

### B. Removal Is Proper Because the State Court Action "Relates To" Arbitration Agreements that Fall Under the Convention

18. The FAA allows for removal "of an action or proceeding pending in a State court" where "the subject matter . . . relates to an arbitration agreement or award falling under the Convention . . . ."  9 U.S.C. §205.

19. The subject matter of this action – an insurance coverage dispute – "relates to" the Liberty/Inter Hannover and Allied World Arbitration Agreements because those agreements require all such disputes to be resolved through arbitration in a foreign country. *See Infuturia Global Ltd. v. Sequus Pharma., Inc.*, 611 F.3d 1133, 1138 (9th Cir. 2011) ("whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the

1 agreement 'relates to' the plaintiff's suit") (internal quotation marks and citations omitted).

## NON-WAIVER OF DEFENSES

20. The Removing Defendants do not intend, by removing this action, to waive any objection or defense they may have to personal jurisdiction, service of process, or venue. Nor do the Removing Defendants intend, by removing this action, to waive any rights or defenses they may have under the terms of their contracts with Dickstein or otherwise. The Removing Defendants reserve all such objections and defenses, as well as any other defense available to them, including but not limited to the right to seek enforcement of the arbitration clauses in their respective contracts before the courts of England.

## REMOVAL PROCEDURE

21. This Notice of Removal is timely because it was filed before trial. *See* 9 U.S.C. §205 (actions relating to an arbitration agreement falling under the Convention may be removed "at any time before the trial thereof").

22. All defendants who have been properly joined and served have consented to this removal. *See* 28 U.S.C. §1446(b)(2)(A).

23. Pursuant to 28 U.S.C. §1446(a), the Removing Defendants are filing with this Notice of Removal a copy of the process, pleadings, and orders served or attempted to be served upon them in the state court action. All such copies, other than the complaint, are attached as Exhibit B.

24. Promptly after filing this Notice of Removal, the Removing Defendants will provide written notice to all parties and will file the appropriate notice with the clerk of the Superior Court of Los Angeles County, California. *See* 28 U.S.C. §1446(d).

WHEREFORE, Defendants Allied World Assurance Company, Ltd, International Insurance Company of Hannover SE, and Liberty Mutual Insurance Europe Ltd hereby request that this action pending in the Superior Court of Los

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

1 | Angeles County, California, be removed to this Court.

2 | Respectfully submitted,

3 | DATED: June 13, 2016  SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC

5 | By: */s/ Randolph P. Sinnott*
Randolph P. Sinnott
6 | Mary E. Gregory

8 | Attorneys for Defendants Allied World Assurance Company, Ltd, International Insurance Company of Hannover SE, and Liberty Mutual Insurance Europe Ltd

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

6
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(a) [ORIGINAL JURISDICTION]

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 550 S. Hope St., Suite 2350, Los Angeles, CA 90071-2618.

On June 13, 2016, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(a) [ORIGINAL JURISDICTION]** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pdelahoya@spcclaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Sinnott, Puebla, Campagne & Curet, APLC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2016, at Los Angeles, California.

*/s/ Paulina De La Hoya*
PAULINA DE LA HOYA

PROOF OF SERVICE

# SERVICE LIST

*SFA Group, LLC vs. Certain Underwriters at Lloyd's, London, et al.*

| | |
|---|---|
| Keith A. Meyer<br>Douglas C. Rawles<br>REED SMITH LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA  90071<br>kmeyer@reedsmith.com<br><br>Melissa A. Meth<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA  94105<br>mmeth@reedsmith.com | Attorneys for Plaintiff SFA Group, LLC |
| Aidan M. McCormack<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, NY  10020<br>aidan.mccormack@dlapiper.com | Attorneys for Defendants Lloyd's Syndicate 2987, Lloyd's Syndicates 623 and 2623, Lloyd's Syndicate 435, Lloyd's Syndicate 2001, Lloyd's Syndicate 1458, Lexington Insurance Co., Swiss Re International SE, and Scottsdale Insurance Co. |
| Roger Raphael<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>333 Bush Street, Suite 1100<br>San Francisco, CA  94104<br>roger.raphael@lewisbrisbois.com | Attorneys for Defendant Ironshore Specialty Insurance Co. |
| Antony Woodhouse<br>GOWLING WLG (UK) LLP<br>3 Waterhouse Square, 142 Holborn<br>London  EC1N 2SW<br>United Kingdom<br>antony.woodhouse@gowlingwlg.com | Attorneys for Defendant Argo Re Ltd. |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322